UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON VALE,

                Plaintiff,

             -against-

NORTHWELL HEALTH, formerly known as
North Shore - Long Island Jewish Health System,
their agents and employees; ANN MARIE
McCABE, individually and in her official
capacity as Nursing Director of Northwell Health;
CHARLES CATAPANO, MBA, individually and
in his official capacity as Assistant
Director/Security Department of Northwell
Health; and JOHN DOES 1-4, individually and in
their official capacities as Security Guards for
Northwell Health,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-7111 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jason Vale brings this *pro se* complaint against Northwell Health and multiple individual employees. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the Complaint (Dkt. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint within 30 days of the date of this Order.

### BACKGROUND

The following factual allegations are taken from the complaint and assumed to be true for purpose of this Order. Plaintiff was admitted to a Northwell Health hospital in Queens on October 25, 2017 and was treated for a heart attack and an infection. (Compl. at ¶ 11.) The following day, a family member brought Plaintiff's service dog to the hospital. (Compl. at ¶ 12.) Thereafter, defendant Ann Marie McCabe, the Nursing Director, is alleged to have "continuously

harassed" Plaintiff and directed defendants Charles Catapano, the Assistant Director of Security, and multiple John Doe security officers to search Plaintiff's person and property and to seize his property. (Compl. at ¶¶ 13-14.) "Defendant Ann Marie McCabe would not permit the [P]laintiff to walk his service dog[,] and [he] was constrained to keep his dog isolated in his room." (Compl. at ¶ 16, n. 1.) Plaintiff asserts that defendants' actions violated his rights under the Fourth and Eighth Amendments and constituted discrimination in violation of the Americans with Disabilities Act. (Compl. at ¶¶ 14, 16, 18-19, 25.) Plaintiff seeks monetary relief only.

## LEGAL STANDARD

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must grant leave to amend the complaint if a liberal reading of the complaint "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## DISCUSSION

### A. Civil Rights Claims

Plaintiff's allegations that his Fourth and Eighth Amendment rights were violated suggests claims invoking 42 U.S.C. § 1983 ("Section 1983"). In order to maintain a Section

1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations and quotations omitted). Defendant Northwell Health is a private medical services provider. Neither the hospital nor its employees are alleged to have acted under color of state law. Accordingly, the Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     The Americans with Disabilities Act**

Plaintiff alleges that defendants violated the Americans with Disabilities Act ("ADA") by not permitting Plaintiff to walk his service dog. (Compl. at ¶ 16.) Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A private hospital is not a public entity and thus is not subject to liability under Title II. *See Green v. City of New York*, 465 F.3d 65, 78-80 (2d Cir. 2006) (affirming dismissal of claims against a private hospital under Title II of the ADA).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

3

Hospitals are considered "public accommodations" for the purposes of the ADA. 42 U.S.C. § 12181(7)(F) (defining "public accommodation" to include "a ... hospital"). However, Plaintiff seeks only monetary damages, and the only available remedy under Title III of the ADA is injunctive relief. 42 U.S.C. § 12188(a)(1). "Monetary relief . . . is not available to private individuals under Title III of the ADA." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *see also Krist v. Kolombos Rest. Inc.* 688 F.3d 89, 94 (2d Cir. 2012) (holding that Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages"). "Since [P]laintiff seeks only monetary relief with respect to [his] ADA claims", the complaint "fails to state a plausible claim for relief under Title III of the ADA." *Sandler v. Benden*, No. 15-CV-1193(SJF)(AKT), 2016 WL 9944017, at *16 (E.D.N.Y. Aug. 19, 2016), *aff'd*, No. 16-3218, 2017 WL 5256812 (2d Cir. Nov. 13, 2017). Further, when injunctive relief is not available, the ADA claim becomes moot, and the district court no longer has subject-matter jurisdiction. *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (finding ADA claim moot where injunctive relief no longer possible); *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 453 (E.D.N.Y. 2015) (dismissing ADA Title III claim as moot when injunctive relief was no longer possible). In this case, Plaintiff has not requested injunctive relief and has not demonstrated that he "continue[s] to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (*quoting Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (internal quotation marks omitted)).

Because damages are not available under Title III of the ADA, Plaintiff's claim for damages is dismissed. *Sandler,* 2016 WL 9944017, at *16 (dismissing Title III ADA claim for failure to state a claim where plaintiff sought only monetary damages); *see also Bernas v. Cablevision Sys. Corp.*, 215 F. App'x 64, 68 (2d Cir. 2007) (affirming dismissal where plaintiff

4

"cannot seek damages for past 'harassment' under Title III of the ADA"); *Fiorica v. Univ. of Rochester, Sch. of Nursing*, No. 07-CV-6232T, 2008 WL 907371, at *2 (W.D.N.Y. Mar. 31, 2008) (dismissing Title III ADA claim for failure to state a claim where plaintiff sought only monetary damages). In light of Plaintiff's *pro se* status, the Court grants him an opportunity to set forth grounds under which injunctive relief could be granted on his Title III claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims for monetary damages under 42 U.S.C. § 1983 and the ADA are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. Should Plaintiff believe that he is subject to ongoing discrimination on the basis of his disability, he may file an amended complaint within 30 days of the date of this order setting forth grounds for injunctive relief. The amended complaint must be labeled "Amended Complaint" and bear the same docket number as this Order. If Plaintiff fails to file an amended complaint within 30 days, the action will be dismissed without prejudice and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
   February 26, 2018